# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

**Case Number: 12-02889 DD**

## ORDER

The relief set forth on the following pages, for a total of 4 pages including this page is hereby ORDERED.

_____

**FILED BY THE COURT**
**07/24/2012**



_____
David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 07/24/2012

1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 12-02889 DD |
| | ) | Chapter 13 |
| **Solon R. Symeonidis,** | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### Order Dismissing Case with Prejudice

This matter comes before the Court on July 23, 2012, on motion of the Chapter 13 Trustee, Joy S. Goodwin, who is asking the Court to dismiss this Chapter 13 bankruptcy with prejudice because the debtor acted in bad faith in filing his case. The Trustee asserts the Debtor's actions during the course of his bankruptcy case prove he is acting with intent to improperly use the stay provisions of the Code with no intention of fulfilling his obligation to fund his plan.

The Trustee asserts the following facts in support of her motion to dismiss this case.

1. The debtor filed a Chapter 13 bankruptcy petition on May 4, 2012. He acted without counsel and was sent the standard Pro Se letter from the Court on the same day. He filed his schedules and statements and plan on May 18, 2012.

2. On June 4, 2012, an objection to the debtor's plan was filed by Andre Symeonidis, who is represented by attorney Dan Felker.

3. On June 7, 2012, the debtor appeared for a § 341 hearing without counsel and was advised that the hearing would be continued if he wished to retain an attorney to represent him in his case. At the debtor's request the §341 hearing was continued until June 20, 2012.

2

4. On June 20, 2012, when he appeared for his § 341 hearing, the debtor had not retained counsel and the hearing was conducted with Mr. Symeonidis appearing pro se.

5. During the course of the hearing the debtor was questioned about his failure to make his first trustee payment, which was due on June 4, 2012. The Debtor acknowledged that he had not made the payment and then informed the Trustee that he did not intend to make any payments to the Trustee during the course of his bankruptcy.

The debtor was served with the above assertions when the Trustee filed her motion to dismiss the debtor's case with prejudice. The debtor filed no response to the Trustee's motion to dismiss. Further, the debtor was served with notice of the hearing held on the Trustee's motion to dismiss with prejudice and chose not to appear or contest the assertions in the Trustee's motion. Based upon the uncontested assertions of fact as set forth above, the Court finds that the debtor filed his chapter 13 bankruptcy case with an improper purpose, that being to avail himself of the protections of the automatic stay while having no intention of complying with his obligations under chapter 13. As such, the debtor filed his case in bad faith.

The bankruptcy code requires that a bankruptcy case be filed in good faith. "[T]he court shall confirm a plan if – the action of the debtor in filing the petition was in good faith…." 11 U.S.C. § 1325(a)(8)[1]. When a debtor acts in bad faith in filing the petition his plan cannot be confirmed. Further, when a debtor acts in bad faith, his case is subject to dismissal under § 1307(b). While good faith is not specifically listed as one of the reasons for dismissal under §1307, our courts have judicially recognized good faith

---

[1] Further references to the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) may be by section number only.

3

(or bad faith as the case may be) as a cause for dismissal under the section. See, In re Kestell, 99 F.3d 146, 149 (4th Cir. 1996) ("Reasons constituting 'cause' for dismissal include enumerated ones … as well as judicially created ones such as bad faith.") (Citation omitted). When a debtor acts in bad faith in the filing of his case in order to improperly make use of the protections of the automatic stay, the integrity of the bankruptcy system is impugned. It is appropriate in this instance to grant the Trustee's motion and dismiss the debtor's chapter 13 case.

While, in the normal course, a dismissal does not prejudice a debtor's right to refile for relief under the bankruptcy code, there are exceptions. The United States Code provides: "[u]nless, for cause, the Court orders otherwise … the dismissal of a case under this title [does not] prejudice the debtor with regard to the filing of a subsequent petition under this title." 11 U.S.C. § 349. Cause, in this context, includes the bad faith filing of the bankruptcy action. If the debtor filed a case never intending to make a trustee payment he is manipulating the system to take advantage of the temporary protections of the bankruptcy stay. Such conduct calls for a proper remedy to ensure the debtor does not abuse the system in the foreseeable future. That remedy is to prohibit the debtor from re-filing in bankruptcy for a period of time. See, In re Davis, 352 B.R. 758, 765 (Bankr. D.S.C. 2006) (noting the availability of a dismissal with prejudice as one of the conditions for dismissal that is a remedy for "abuse" of the bankruptcy system).

Based upon the foregoing, IT IS ORDERED that this bankruptcy case is dismissed with prejudice for a period of six (6) months from the date of entry of this Order. The debtor is prohibited from seeking bankruptcy relief under any chapter of the Bankruptcy Code during that period of time.